[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-10243
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

BIA No. A97-660-431

HONG JIN QIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(March 11, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Hong Jin Qiu, a native and citizen of China, petitions for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Qiu, who claims that he practices Falun Gong, challenges the IJ's adverse credibility determination. No reversible error has been shown; we deny the petition.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar, 257 F.3d at 1284.

We review factual determinations under the substantial evidence test. Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Under

this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

Because credibility findings are factual determinations, we review them under the substantial evidence test; and we "may not substitute [our] judgment for that of the [IJ] . . . ." D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). We have discussed the review of credibility determinations made by an IJ in this way:

> [T]he IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue, 401 F.3d at 1287 (internal citations and quotations omitted). An alien's testimony -- if credible -- may be sufficient to sustain his burden of proof in establishing his eligibility for asylum. Id. "Conversely, an adverse credibility

3

determination alone may be sufficient to support the denial of an asylum application." Id.

Here, the IJ made an explicit adverse credibility finding about Qiu. The IJ gave specific, cogent reasons for his credibility determination, which is supported by substantial evidence.[1] Of the many implausibilities and inconsistencies cited by the IJ, Qiu only discusses these determinations: (1) the IJ's adverse credibility inference drawn from Qiu's testimony that he practiced Falun Gong in secret even before the Chinese government began its crackdown on Falun Gong practitioners in July 1999; (2) the IJ's finding that Qiu's explanations -- that he practiced Falun Gong with schoolmates, that he practiced secretly, and that no one practiced Falun Gong in groups in his town -- were inconsistent; and (3) Qiu's insufficient explanation about how his poor health led to his practice of Falun Gong, when the only health problem that Qiu described was past headaches. On the last reason, the IJ determined that Qiu's description of his headaches was vague and that Qiu

---

[1]We note that the BIA rejected the IJ's discussion that Qiu was not credible because Qiu testified that he practiced Falun Gong with schoolmates during a period when Qiu no longer attended school. Although the BIA noted Qiu's later explanation that he practiced Falun Gong with former schoolmates, the BIA ultimately decided that the IJ's overall adverse credibility determination was not erroneous.

otherwise failed to offer corroborating evidence that established past health problems.[2]

On appeal, Qiu argues that the IJ improperly speculated that people in China could openly practice Falun Gong before the government's crackdown. He also asserts that his testimony about practicing at home with classmates was entirely consistent with his explanation that his town lacked a group Falun Gong practice. In addition, Qiu contends that his testimony about his childhood headaches was specific and detailed and can be sufficient to support his claim for asylum.

Although Qiu's explanations might be plausible, we cannot say that the record in this case compels a conclusion different than the IJ's adverse credibility finding. See 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (explaining that "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record

_____

[2]In explaining her reasons for the adverse credibility finding on Qiu, the IJ also discussed that, when Qiu was asked during his credible fear interview about his current health status, Qiu failed to mention past chronic illnesses and instead reported good health. As Qiu argues, he was asked about his current health condition and not his past health. But even assuming that this particular reason offered by the IJ is not supported by substantial evidence, we will still consider -- in the light of the many other reasons provided by the IJ -- whether the record compels reversing the IJ's adverse credibility determination.

may support a contrary conclusion is not enough to justify a reversal of the administrative findings"). Therefore, we do not reverse the decision of the BIA in this case. See Adefemi, 386 F.3d at 1029 ("[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision.").

And even if we were to determine that the reasons raised by Qiu were unsupported by substantial evidence, the record does not compel reversal because many of the IJ's other enumerated reasons -- which Qiu does not challenge on appeal -- are specific, cogent, and supported by substantial evidence. In addition to the grounds already discussed, the IJ's adverse credibility determination was based on these reasons: (1) Qiu provided inconsistent information about when he completed school; (2) Qiu indicated on his asylum application that he had no siblings but testified that he had a brother who entered the United States illegally; (3) Qiu provided no plausible explanation for how his parents borrowed approximately $45,000 to pay a smuggler to take Qiu to the United States; (4) Qiu gave inconsistent testimony about whether he knew which countries he traveled through after he left China; and (5) Qiu's reason for staying in Argentina -- where he lived for two years after leaving China so that he could learn Spanish as directed by his smuggler -- was implausible. Even assuming that Qiu raised these

claims before the BIA, he has abandoned them on appeal. See Sepulveda, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

The IJ's conclusion that Qiu's testimony was not credible is supported by substantial evidence; and nothing in the record, including the evidence Qiu submitted in support of his asylum application, compels us to reverse the IJ's decision as affirmed by the BIA. Because we conclude Qiu did not meet his burden of establishing his eligibility for asylum, he also has failed to meet the more difficult standards for withholding of removal and CAT relief. See Forgue, 401 F.3d at 1288 n.4. We deny Qiu's petition for review.

**PETITION DENIED.**